W. D. PENCILLE and Others v. STATE FARMERS' MUTUAL HAIL INSURANCE COMPANY OF WASECA and Others.

October 31, 1898.

Nos. 11,208—(50).

**Corporation—Members May Maintain Action when Officers are Mismanaging It.**

The rule that a corporation, by its officers, is the proper party to maintain an action to protect its property and enforce its rights, and that, until the corporation refuses or is unable, individual members have no right to litigate for it, has no application where it appears from the complaint that the officers of the corporation are engaged in perpetrating a fraud upon its members, and grossly mismanaging the corporate affairs. Under such circumstances, members of the corporation can maintain an action against it and its officers.

**Equity—One Person May Litigate Question of Interest to Many.**

Where questions to be litigated are of common interest to a large number of persons, and it is impracticable to bring them all into court, one or more may proceed in equity for the benefit of all.

**Mutual Insurance Company—Limits to Assessment upon Members.**

The reasonable limits of an assessment, to meet losses, upon policy holders in a mutual insurance company, must not be disregarded, or the officers of the company making such assessment will be condemned as having transcended their authority, and the assessment will be held illegal and invalid.

**Same—Fraudulent Assessment.**

According to the allegations of the complaint,—the action having been brought by sixteen policy holders in a mutual hail insurance company, for themselves and on behalf of all other policy holders who chose to come into the proceeding,—the officers of the company levied an assessment of $56,000 to meet and liquidate losses of less than $21,000. *Held*, that such an assessment is a gross fraud upon its face, and cannot be upheld.

**Complaint Good upon Demurrer.**

The complaint herein *held* to contain facts sufficient to constitute a cause of action.

Action in the district court for Waseca county to declare an assessment levied by defendant corporation on its members. invalid, to remove the individual defendants as officers of the corporation, and to have a receiver of its property appointed. Defendants demurred to the complaint on the grounds: (1) That plaintiffs have not legal capacity to sue; (2) that there is a defect of parties plaintiff; and (3) that the complaint does not state facts sufficient to constitute a cause of action. From an order, Buckham, J., overruling the demurrer, defendants appealed. Affirmed.

*John Moonan*, for appellants.

The rule is well settled that a corporation, by its proper officers, is the proper party to maintain an action to protect its property and enforce its interests, and until the corporation refuses or until it is alleged it is unable to bring such suit, the individual members have no right to maintain it. 5 Enc. Pl. & Pr. 56; 4 Am. & Eng. Enc. 280, note 2.

We contend that there is not any showing of facts in this complaint that the assessment is excessive. When the court takes into consideration the fact that under the by-laws but one assessment can be made, that a large number of policy holders are renters, that a large percentage of each assessment is uncollectible, and many other facts proper to be taken into consideration and which were taken into consideration in making this assessment, we do not think that what is alleged in the complaint in this action will justify the conclusion that such assessment is excessive. Ionia v. Ionia, 100 Mich. 606; People v. Babbitt, 7 Allen, 235; Bangs v. Gray, 12 N. Y. 477; Jones v. Sisson, 6 Gray, 288; Wardle v. Townsend, 75 Mich. 385; Davis v. Shearer, 90 Wis. 250; Seamans v. Millers, 90 Wis. 490.

*Charles C. Willson*, for respondents.

The directors and officers of this corporation are but agents of the policy holders; and if they betray their trust, take more of their principals' money than is requisite to pay the legitimate corporate debts, or if they appropriate to themselves more than their fair and reasonable compensation for their services, courts of equity can and will on application of parties interested grant relief. They

stand in a fiduciary relation, and are agents of and quasi trustees for policy holders. 2 Pomeroy, Eq. Jur. §§ 1088, 1094; Jones v. Morrison, 31 Minn. 140; Rothwell v. Robinson, 39 Minn. 1.

An assessment is not valid merely because it is made by the directors. It must appear that losses and legitimate necessary expenses have been incurred which cannot be paid without making an assessment. The policy holder's liability is not absolute or dependent on the caprice of the company's officers, but is conditional, and depends on the happening of losses and the incurring .of expenses to which by his application and policy he agreed to contribute. May, Ins. § 557. In this case defendants have arbitrarily levied an assessment amounting to three times the losses. No court can approve such a confiscatory levy. People v. Babbitt, 7 Allen, 235; Rosenberger v. Washington, 87 Pa. St. 207; May, Ins. § 559; York v. Bowden, 57 Me. 286; Farmers v. Knight, 162 Ill. 470; Susquehanna v. Gackenbach, 115 Pa. St. 492; Johnson v. Farmers, 110 Mich. 488.

COLLINS, J.

Appeal from an order overruling a demurrer to a complaint, the grounds stated being that the plaintiffs had not legal capacity to sue, that there was a defect of parties plaintiff, and that facts sufficient to constitute a cause of action were not stated.

The plaintiffs, sixteen in number, are policy holders in a mutual hail insurance company organized in this state, and brought the action in behalf of themselves and all other policy holders who might choose to come into the proceeding. The defendants are the company and its officers. The complaint contains a large number of allegations of misbehavior on the part of the defendants, but, simply stated, the charge is that the officers of defendant company have grossly mismanaged its affairs, and for their own aggrandisement have entered upon a deliberate system of official misconduct, which will cause great injustice to all policy holders and will ruin the company itself. The purpose of the action is to stop this alleged bad behavior, and especially to restrain the officers from proceeding to collect an assessment of some $56,000, said to have been levied on the plaintiffs and all other policy holders by the

board of directors illegally, unjustly and without any necessity therefor.

1. The complaint shows that plaintiffs are policy holders in defendant insurance company, organized by the individuals named as defendants, and others, upon the mutual plan, and that there are no stockholders; and it also shows that defendant company, through its officers, has pretended to levy this assessment against all of its policy holders, as members of the organization. It is evident that plaintiffs and all other policy holders, some 3,500 in number, are members of the organization, against whom the board of directors may make annual assessments to cover losses, not to exceed 4 per centum of the amount of indemnity carried; and, according to the allegations, the misconduct complained of is the premeditated and deliberate act of the defendant officers. While it is well settled that a corporation, by its officers, is the proper party to maintain an action to protect its property and enforce its rights, and that until the corporation refuses, or until it is unable, individual members have no right to litigate for it, the rule is of no force here; for the showing is that the officials of defendant company, upon whose good conduct plaintiffs and other policy holders have a right to rely, are engaged in perpetrating the fraud complained of. To hold that policy holders have to appeal to these officials to institute proceedings to right their own unjust acts would be mere mockery.

2. It was unnecessary for all of the aggrieved policy holders to participate in this action as plaintiffs, or, upon their refusal, to make them defendants. If it were, we should have over 3,500 persons as parties to this proceeding,—a most impracticable thing. Who shall be made parties to an action of this nature is more a question of convenience and discretion than of absolute right, and is to be determined according to the exigencies of the particular case. When questions to be litigated are of common interest to a large number of persons, and it is impracticable to bring them all into court, one or more may proceed in equity for the benefit of all. If any other rule prevailed, it would ordinarily operate to prevent a remedy.

3. The chief point made by defendants' counsel, as against the

complaint, is that it fails to state facts constituting a cause of action. It is possible that the complaint contains much which should have been omitted, but, if so, the demurrer is of no value. It charges several specific acts of gross misconduct on the part of the defendant officers,—the borrowing of money when not needed for any legitimate purpose, and the expenditure of money in an unauthorized manner and for illegitimate purposes. It alleges that in 1897, while the plaintiffs were policy holders, the company had a membership of 3,504,—each policy being for five years, and the total amount of insurance amounting to more than $1,400,000,—and that its total losses, adjusted and unadjusted, amounted to less than $21,000; that it had on hand at the beginning of the year over $2,000; that it had received, as a policy and agent's fee, the sum of $2 from each member; that notwithstanding this condition of affairs the board of directors did, about October 1 of that year, unlawfully, illegally and unnecessarily proceed to levy an assessment of 4 per cent. (the maximum percentage allowed) upon each dollar of the amount of insurance held by each member.

A mere computation shows that through this action the board levied an assessment in the aggregate of $56,000 to meet losses less than $21,000 in amount. It was for nearly three times the amount of losses. It was practically 170 per cent. more than the amount lost. If the correct figures are given, it was confiscation of the most objectionable kind. We must take into consideration, when regulating such assessments, the patent fact that all of the members will not pay, necessitating a loss which must be provided for. But there can be no justification in levying an assessment amounting to $56,000 in the aggregate, when the losses to be liquidated are less than $21,000. It is a gross fraud upon its face.

The reasonable limits of an assessment upon policy holders to meet losses incurred by the company must not be disregarded, or the officers making such an assessment will be condemned as having transcended their authority, and the assessment will be held illegal and invalid. In fixing the amount, reasonable allowances may be made for probable failures in collections and the expense of making collections. But the amount of such allowances must not be unreasonable. See Rosenberger v. Washington, 87 Pa. St. 207; Far-

mers v. Knight, 162 Ill. 470, 44 N. E. 834; York v. Bowden, 57 Me. 286. An assessment levied is not valid simply because it has been made. It must be necessary. The liability of the policy holder is not absolute, but is conditional, depending upon the incurring of legitimate expenses to which the holder agreed to contribute when he became a member. The officers of a mutual company must act judiciously, as well as honestly, when levying assessments; and, if they fail so to do, the courts will interfere in behalf of the injured parties. At least one good cause of action was stated in the complaint, and that is sufficient.

Order affirmed.