## CHECOTAH HARDWARE CO. *et al.* v. HENSLEY.

Nos. 3254, 4071. Opinion Filed June 9, 1914.

(141 Pac. 422.)

1. **CORPORATIONS** — Pleading—Filing Out of Time—Discretion—Action of Stockholder—Sufficiency of Petition. The court erred in No. 3254 in overruling the demurrer to the petition. And also in No. 4071 in not permitting defendants to file answer and make defense.

2. **PLEADING**—Filing Out of Time—Discretion. The question of filing pleadings out of time rests largely within the discretion of the trial court, but this discretion is a sound judicial one, dependent upon all the circumstances, and must never be used arbitrarily or capriciously.

3.     **CORPORATIONS—Stockholders—Right of Action.** The rule is that shareholders cannot, ordinarily, sue in equity to redress wrongs done to the corporation. The ordinary remedy for such injuries is to be sought primarily through corporate action. But if the directors are guilty of a breach of trust, injurious to the corporate assets, or to the rights of the shareholders or some of them, and if the corporation refuses to institute proper proceedings to restrain or redress such injuries, one or more of the shareholders may proceed in their individual names. In such case, however, it is necessary that the petition contain averments sufficient to create an exception to the general rule, and to establish in petitioners the right to thus proceed.

(Syllabus by Brewer, C.)

*Error from District Court, McIntosh County; Preslie B. Cole, Judge.*

Actions by M. H. Hensley and Arthur L. Hensley, administrator, against the Checotah Hardware Company, a corporation, and others. A demurrer to the petitions was overruled and final judgment entered for plaintiffs, and defendants bring error. Cases consolidated on appeal. Reversed, with directions.

*Van Court & Reubelt,* for plaintiffs in error.

*Lucas & Tabor, Fred P. Branson, Bailey, Wyand & Moon,* and *Alvin F. Molony,* for defendants in error.

Opinion by BREWER, C. No. 3254 involves an appeal from the order of the court overruling a demurrer. No. 4071 is an appeal from the final judgment in the same suit. A stipulation has been filed in the last case asking that it be advanced and consolidated with the first appeal. In pursuance thereof, the cases are hereby consolidated and will be considered and treated as one.

The plaintiff M. H. Hensley brought the suit against the Checotah Hardware Company, a corporation, and two individuals, alleged to be stockholders and officers of the corporation. As nearly as we can gather from the allegations of the petition and the prayer for relief, the suit has two distinct aspects. Its first branch is to have a sale of stock formerly owned by plaintiff, and sold to the individual defendants, rescinded, and set aside, and the shares of stock reissued to plaintiff, thus re-estab-

lishing his status as a stockholder. The second branch is to recover for the corporation large items of real property held by the individual defendants and alleged to have been paid for out of the funds of the corporation. Also to have the corporation declared the owner of a large block of its corporate stock held by the individual defendants, and alleged to have been bought with corporate funds. The court overruled a general and special demurrer to the petition on October 6, 1911, and the first appeal is to review that order. After the demurrer was overruled, and on the same day, the court allowed defendants 30 days to answer. Defendants immediately appealed and did not answer within the 30 days. But on December 20, 1911, defendants filed a motion to be allowed to answer, accompanied with a full verified answer, and an affidavit of counsel that the defense was meritorious, that he had interviewed the witnesses, etc., and stated further that counsel had been of the opinion that the appeal from the order disposing of the demurrer operated to suspend further proceedings in the case, thus rendering further pleadings unnecessary. The court refused to permit defendants to further plead or file their answer or make defense of any kind, adjudged them in default, and rendered a decree against the corporation and individuals on the petition, without evidence, by which the sale by plaintiff of his shares of stock was rescinded, and the shares were ordered reissued to him. The decree also ordered the appointment of a receiver to take charge of the corporate assets. It also decreed that the corporation was the owner of $12,000 of its capital stock standing in the name of the individual defendants. The court also decreed that 130 tracts or parcels of land of an aggregate value of $110,000 bought and held by the individual defendants had been paid for with corporate funds, and declared them trustees holding title thereto for the corporation, and ordered a conveyance of same. This second appeal is prosecuted to review the action of the court in refusing to let them file their answer and make a defense, and because of the rendition of the final decree as above stated.

We are of opinion that both appeals should be sustained.

1.   The first appeal because the petition does not sufficiently plead a case.   The relief sought for the corporation, of course, could not be demanded or sued for by plaintiff, until he had established his status as a stockholder; and then only on certain conditions, necessary to be both pleaded and proven.   So unless plaintiff's petition was sufficient to show a right to rescind the sale by which he had parted with his stock a year before the suit was filed, thereby establishing his status as a stockholder, it would be unnecessary to look further into the allegations.   We take it as fundamental that, to rescind a sale long since fully executed, the facts claimed to justify the right should be fully and carefully stated.   In this petition it is nowhere shown how many shares of stock plaintiff had sold, nor what had been paid for them; whether it was their full value or less.   The total stock of the corporation is not disclosed, nor is the par value of the shares mentioned.   The offer to restore the sum received for the stock is:

"The plaintiff hereby offers to do equity and tenders to the defendant Jack Thompson the amount he has received for said stock."

No one can tell from the petition how much this was, any more than he can tell how much or what value of stock was sold.

The court in rendering a default decree in this case declared the sale of the stock rescinded, and ordered defendants to reissue plaintiff stock to the extent of one-sixth of the entire capital stock (the entire capital stock is not shown), and then adjudged that this stock be thus reissued, "upon the repayment by M. H. Hensley of the amount he received therefor in money, together with interest thereon at the rate of 6 per cent."   How much stock was to be reissued, and how much money with interest must be restored to Thompson, as a condition precedent to the reissuance of the stock, cannot be ascertained either from the decree or the petition on which it is based, and it must follow that it is not an enforceable decree.   It would take another suit and adjudication to determine the obligation imposed upon the parties by this decree.   Yet the decree is just as full and certain and

specific, as is the pleading upon which it is based. It follows that plaintiff has not stated a cause of action by which he could reinvest himself with the character of a stockholder. Unless he was able to plead and prove this status, he was a mere meddler with the corporate affairs; it being no concern of his whether it pursued and recovered its corporate assets or not.

Therefore we conclude that the allegations of the petition relative to the rescission of the sale of plaintiff's stock are not sufficient to support a decree therefor. This disposes of the case; but, inasmuch as it may be possible, under the facts, to plead a good cause of action, we will add that we think on one point the further allegations of the petition with reference to recovering the corporate property are not sufficient. Ordinarily a stockholder has no right to either prosecute or defend suits in his own name for the corporation in which he holds the stock. If the corporation has lost property or assets through the fraud of others, or by any other means, it is its duty to, and ordinarily it alone can, in its corporate name, pursue and recover the property. There is, however, an exception to the rule, and plaintiff contends he has brought himself within the exception. After stating the general rule that corporations must ordinarily enforce their own rights and prosecute their own causes of action, it is said in 10 Cyc. 963:

"Subject to exceptions hereafter stated, this rule is applicable in equity as well as at law; so that shareholders cannot ordinarily sue in equity to redress wrongs done to the corporation. The ordinary remedy for injuries to the corporation is to be sought primarily through corporate action. If the directors in office will not act in an emergency requiring immediate action, the remedy is for the shareholders to elect a board of directors who will take the proper action. Before the shareholders can be heard in a court of equity in behalf of the corporation, the remedial agencies afforded by charter or other laws of the corporation must be exhausted, and this must be made to appear."

And the exception to the general rule is very well stated in the same volume, page 965, *et seq.*:

"If the directors are guilty of a breach of trust, injurious to the corporate property or to the rights of the shareholders, or a portion of them, and if the corporation refuses to institute the

proper proceedings to restrain or redress such injury, one or more of the shareholders may do it in their individual names. This rule is founded in part upon the consideration that the directors are trustees for the shareholders, and that in any action to redress breaches of trust on the part of the directors as toward the shareholders the shareholders are the real parties in interest. In order that this jurisdiction may be invoked in cases not governed by statute, three things must ordinarily concur: (1) The matter complained of must be a breach of duty on the part of the directors; (2) the corporation must fail or refuse to demand redress; and (3) there must be an injury to the shareholder."

To bring himself within the exception plaintiff relies on 3 Cook. Corps. (5th Ed.) sec. 741, which says:

"There are occasions when the allegation that the stockholder has requested the directors to bring suit and they have refused may be omitted, since the request itself is not required. This occurs when the corporate management is under the control of the guilty parties. No request need then be made or alleged, since the guilty parties would not comply with the request; and, even if they did, the court would not allow them to conduct the suit against themselves.    *    *    *"

—And cites in aid of it the following authorities: *Tevis v. Hammersmith*, 31 Ind. App. 281, 66 N. E. 79, 912; *Whitehead v. Sweet*, 126 Cal. 67, 58 Pac. 376; *Pencille v. State, etc., Co.*, 74 Minn. 67, 76 N. W. 1026, 73 Am. St. Rep. 326; *Northern T. Co. v. Snyder*, 113 Wis. 516, 89 N. W. 460, 90 Am. St. Rep. 867; *Hodges' Adm'x v. South Fork, etc., Co.* (Ky.) 50 S. W. 969; *Higgins v. Lansingh*, 154 Ill. 301, 40 N. E. 362; *Sage v. Culver*, 147 N. Y. 241, 41 N. E. 513; *Pond v. Vermont Valley R. R.*, 12 Blatchf. 280, 19 Fed. Cas. 976; *Ryan v. R. R.*, 21 Kan. 365.

But, while the petition shows that the two individual defendants are directors and dominate the board, it is not made clearly to appear by sufficient averments that a demand on the board of directors to prosecute the rights of the company would have been fruitless. If an amended petition is framed, this phase of the case, which is basic, requires better pleading.

2. On the second appeal, from a careful survey of the facts and situation, we think the court should have allowed the de-

fendants to file their answer and make a defense. It is true that the question of filing pleadings out of time rests largely within the discretion of the trial court; but this discretion must be a sound judicial one, dependent on all the circumstances, and must never be used arbitrarily or capriciously. The order in this case was injurious to defendants, and of no value to plaintiff, as it resulted in an unenforceable decree. At the time this first appeal was taken it was a mooted question, if it did not suspend further proceedings. Some very good lawyers thought it did. The court properly adjudged that it did not; but it seems to us that the excuse, considered in the light of all the circumstances, should have appealed strongly to the chancellor dispensing equity.

The consolidated causes should be reversed, the decree set aside, and the demurrer to the petition sustained, with leave to plaintiff, if he so desires, to file an amended petition.

By the Court: It is so ordered.