MICHIGAN MUTUAL WINDSTORM CO. *v.* GOODRICH.

1. INSURANCE—MUTUAL ASSOCIATIONS—ASSESSMENTS — RECEIVERS —STATUTES.

  The statute (2 Comp. Laws 1915, § 9578), making certain assessments upon members of mutual fire insurance companies *prima facie* evidence of the regularity and correctness of all proceedings up to and including the assessment, applies only to assessments made by receivers appointed by the court.

2. SAME—MAKING ASSESSMENTS A MINISTERIAL ACT—NO PRESUMPTION OF LEGALITY—BURDEN OF PROOF.

  In making assessments a mutual insurance company acts in a ministerial and not a judicial capacity, and, there being no presumption in favor of the legality or regularity of its assessment, in an action to collect same plaintiff has the burden of proving that the proceedings on which the assessment is based were regular.

3. SAME — MERE PASSAGE OF RESOLUTION LEVYING ASSESSMENT DOES NOT CREATE LIABILITY—BURDEN OF PROOF.

  The mere passage of a resolution by a mutual insurance company levying an assessment does not of itself create any liability and it is upon the plaintiff to show that an assessment was "to defray losses and expenses of the company."

4. SAME—MEMBER ASSERTING FRAUD HAS BURDEN OF PROOF.

  A member of a mutual insurance company relying upon fraud in levying the assessment sued on has the burden of proving the fraud.

5. SAME — ASSESSMENTS NOT CONFINED TO EXACT AMOUNT IF REASONABLE.

  In making assessments on its members a mutual insurance company is not confined to an exact amount, if reasonable limits are not disregarded, and may assess to defray losses and expenses of collecting, including probable failures in collection and the like.

On right of mutual benefit societies to increase their rates, see notes in 7 L. R. A. (N. S.) 1154; 31 L. R. A. (N. S.) 417; L. R. A. 1916A, 762.

For authorities discussing the right of mutual benefit societies to raise their rates, see notes in 11 A. L. R. 644; 18 A. L. R. 1180.

6. SAME—ASSESSMENT TO CREATE SURPLUS UNAUTHORIZED.
   Under its articles of association authorizing a mutual insurance company to assess its members to pay losses and expenses, it may not assess to create a surplus or to pay anticipated losses.

7. SAME—EXCESSIVE ASSESSMENT VOID.
   An assessment by a mutual insurance company of 30 cents per $100 of insurance, when approximately 10 cents per $100 would have been sufficient to defray its losses and expenses, is without all reasonable limits, and is absolutely void.

8. SAME—UNDISPUTED EVIDENCE AS TO BASIS OF ASSESSMENT PRESENTED QUESTION OF LAW.
   Where the evidence relative to the basis of the assessment was undisputed, whether the amount thereof was within reasonable limits was a question of law, and where the record would sustain a verdict directed for defendant, the trial court was in error in instructing the jury that as a matter of law the assessment was valid.

9. SAME—VALIDITY OF ASSESSMENT DETERMINED AS OF DATE MADE.
   The validity of an assessment must be determined as of the date it is made.

Error to Eaton; Smith (Clement), J.   Submitted October 5, 1923.   (Docket No. 53.)   Decided January 7, 1924.

Assumpsit in justice's court by the Michigan Mutual Windstorm Company against Savy C. Goodrich for an assessment on policies of insurance.   There was judgment for plaintiff, and defendant appealed to the circuit court.   Judgment for plaintiff on a directed verdict.   Defendant brings error.   Reversed.

*Rosslyn L. Sowers,* for appellant.
*Philip T. Colgrove,* for appellee.

SHARPE, J.   Plaintiff, Michigan Mutual Windstorm Company, is a mutual insurance company, organized under laws of this State, doing the class of business indicated by its name.   The total insurance in force

was $247,000,000.    Defendant was a member, having policies aggregating $7,200.    January 19, 1921, an assessment of 30 cents on each $100 of insurance was ordered.    Due notice of assessment was given about February 3d.    Members had 30 days in which to pay.    The amount of defendant's assessment was $21.60.    He did not pay.    He was sued in justice's court.    The cause was appealed to the circuit court, where a verdict was directed for plaintiff for the full amount of the assessment and judgment entered thereon.    Defendant brings error.

The defense was and is that the assessment was not made to defray losses and expenses of the company, but to create a surplus, and that it was grossly excessive and void.    The articles of association and the by-laws in force in January, 1921, were not put in evidence at the trial, though brief excerpts from them appear to have been read into the record.    The total of losses and expenses of the plaintiff on the day the assessment was ordered is not shown.    The plaintiff was then obligated on notes for money borrowed to pay losses and expenses in an amount approximating $220,000, which it determined to pay.    It is said that the amount of cash on hand December 31, 1920, was $12,557.    There is some evidence that the purpose of plaintiff in ordering the assessment was to provide funds to pay the notes, the then losses and expenses, if any, and to pay anticipated losses for the year 1921.    A witness, said to be plaintiff's bookkeeper, testified that on March 4, 1921, the "earned premium" on policies of insurance then in force was 10 cents, or one-third of the assessment ordered on January 19, 1921.    We quote:

"*Q.* Then figuring out really what Mr. Goodrich if you had been paying the losses on March 4th, at that time, it would have shown the assessment based on the losses when you call earned premiums you mean losses

225—Mich.—44.

at that time and expenses incurred, would have been approximately ten cents?

"*A.* Yes, sir.   *   *   *

"*Q.* Would you tell us the amount of the assessment that was spread against Mr. Goodrich?

"*A.* $21.60.

"*Q.* Seven dollars and twenty cents would have amounted to a ten cent assessment?

"*A.* Yes, sir.

"*Q.* That would have been practically the amount of his assessment, the earned premium on the fourth of March, or thirty days after that notice was given?

"*A.* Yes, sir.

"*Q.* Ten cents would have taken care of that?

"*A.* Yes, sir.

"*Q.* And twenty cents would have taken care of it for the entire year which would have been $14.40?

"*A.* Yes, sir."

At the end of the year 1921, plaintiff, from collections of such assessment and from cash on hand December 31, 1920, after payment of all losses and expenses, had a cash surplus of nearly $237,000. We quote what is said to be the provision of the articles of association respecting assessments:

"Members shall be subject to ratable assessments based on the amount of insurance, to defray losses and expenses of the company."

The statute, section 17, Act No. 82, Laws of 1873 (2 Comp. Laws 1915, § 9578), making certain assessments *prima facie* evidence of the regularity and correctness of all proceedings up to and including the assessment, discussed in *Wardle* v. *Townsend,* 75 Mich. 385 (4 L. R. A. 511), applied only to assessments made by receivers appointed by the court. We recognize the general rule of law that in making the assessment the plaintiff acted in a ministerial and not a judicial capacity; that there is no presumption in favor of the legality or regularity of its assessment; and that plaintiff has the burden of proving that the proceedings on which the assessment is based were regular.

19 R. C. L. p. 1261; *Wardle* v. *Townsend, supra; Pacific Mutual Ins. Co.* v. *Guse,* 49 Mo. 329 (8 Am. Rep. 132) ; 2 Bacon on Life & Accident Insurance (4th Ed.), p. 1097; *Miles* v. *Life Ass'n,* 108 Wis. 421 (84 N. W. 159).    The mere passage of a resolution levying an assessment does not of itself create any liability.    3 Joyce on Insurance (2d Ed.), p. 2432.    It was upon the plaintiff to show that the assessment was "to defray losses and expenses of the company." But, if defendant relies upon fraud in levying the assessment, he has the burden of proving the fraud. 3 Joyce on Insurance (2d Ed.), p. 2450; *Rosenberger, Light & Co.* v. *Insurance Co.,* 87 Pa. St. 207.    Defendant and other members might have been assessed to defray losses and expenses of the company which would include the amount due on the notes.    Plaintiff was not confined to an exact amount.    Reasonable allowances may be made for expense of collecting, for probable failures in collection, and the like.    But reasonable limits must not be disregarded.    *Pencille* v. *Insurance Co.,* 74 Minn. 67 (76 N. W. 1026, 73 Am. St. Rep. 326) ; 3 Joyce on Insurance (2d Ed.), p. 2433.    And, under the quoted right to assess to pay losses and expenses, plaintiff may not assess to create a surplus or to pay anticipated losses.    2 Bacon on Life & Accident Insurance (4th Ed.), p. 1099; *Detroit Manufacturers' Mut. Fire Ins. Co.* v. *Merrill,* 101 Mich. 393.    If, when the assessment of 30 cents per hundred was ordered, approximately 10 cents per hundred was sufficient to defray the losses and expenses of the company, the assessment is without all reasonable limits and is absolutely void.    See *Pencille* v. *Insurance Co., supra; Farmers' Mut. Fire Ins. Co.* v. *Knight,* 162 Ill. 470 (44 N. E. 834).    Such evidence as there is relative to the basis of the assessment being undisputed, whether the amount of the assessment was within reasonable limits was a ques-

tion of law.    7 A. L. R. 187; 7 Words and Phrases, p. 5977.

The court erred in instructing the jury that as a matter of law the assessment was valid and levied to defray losses and expenses of the company.    The record before us would sustain a verdict directed for defendant.    As to plaintiff's right to re-assess, see *Ionia, etc., Ins. Co.* v. *Ionia Circuit Judge,* 100 Mich. 606 (32 L. R. A. 481), and to collect *pro rata* share of losses and expenses in case of cancellation, see *Patrons' Mut. Fire Ins. Co.* v. *Butler,* 193 Mich. 648. Counsel for plaintiff says in his brief:

"While it is true that ten cents should have been sufficient perhaps if he had surrendered his policy on March 31st (4th?), to have squared the defendant with the company, he failed and neglected to do this. When suit was commenced against him, September 26th of the same year, twenty cents would have been earned by the company."

If defendant's policies had been properly canceled on March 4, 1921, he would have been indebted to the company in the sum of $7.20, a rate of 10 cents per hundred, and, had the policies been so canceled on September 26, 1921, the amount would have been $14.40, a rate of 20 cents per hundred.    But that is not this case.    This case is planted on the assessment of January 19, 1921, and the validity of the assessment must be determined as of that time.

Judgment reversed, with costs to defendant, and a new trial granted.

McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.    CLARK, C. J., did not sit.