## LONG v. HARRIS *et al.*

No. 2754.  Opinion Filed May 20, 1913.

(132 Pac. 473.)

1.  **PLEADING—New Matter in Answer of Defendant—Right of Co-defendant to Reply.** When one of two or more codefendants avers new matter in his answer to plaintiff's petition, which new matter affects the rights or liabilities of such codefendant, such codefendant has the same right the plaintiff would have to file a reply thereto; such right to be exercised subject to the same rules governing the plaintiff.

2.  **PLEADING—Motion to File out of Time.** Permission to file pleadings out of time rests by statute (section 5646, Comp. Laws

1909) within the discretion of the court or judge of whom the request is made. This discretion means, however, a sound judicial discretion, to be exercised fairly and justly in the light of the situation presented. It must never be exercised arbitrarily or in caprice.

3. APPEAL AND ERROR—Review—Discretion of Court. Where the record shows only that a defendant, nearly a year out of time, makes verbal request of a court to be allowed to reply to new matter alleged by a codefendant, and tenders with such request no pleading showing the nature of his reply, and makes no sufficient excuse for such long continued default, there is nothing presented by which this court can test whether or not the trial court has abused its discretion in refusing to allow the reply to be filed.

(Syllabus by Brewer, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Frederick W. Merideth against Vernon V. Harris and others. Defendant Nancy Harjo filed her answer and cross-petition, and plaintiff dismissed his petition. Defendant Bessie Long moved leave to file her answer to the cross-petition. Motion denied, and Bessie Long brings error. Affirmed.

*Lawson & Samples,* for plaintiff in error.
*Mann, Rogers & Harris,* for defendants in error.

Opinion by BREWER, C. The only question presented for review in this record is whether the trial court abused its discretion in refusing to allow the appellant, Bessie Long, to file her reply to the cross-petition of a codefendant out of time.

On February 19, 1910, Frederick W. Merideth, as plaintiff, filed a suit against Vernon V. Harris, Nancy Harjo, Bessie Long, and R. M. Tate. On the 15th day of April, 1910, the defendant Nancy Harjo filed her answer and cross-petition. On November 19, 1910, the plaintiff, with leave of court, dismissed his petition. On December 23, 1910, defendants Tate and Harris filed a demurrer to the answer and cross-petition of Nancy Harjo. On the 15th day of March, 1911, the record shows:

"The defendant Bessie Long filed in said court her verbal motion asking the court for leave to file her answer in said cause," etc.

The record further shows that on the 18th day of March, 1911, the verbal motion of Bessie Long, asking leave to file answer out of time, was refused by the court. To reverse this ruling, the appellant brings error.

The verbal request to the court to be allowed to file answer out of time must have meant that she wished to reply to new matter contained in the cross-petition of her codefendant under section 5644, Comp. Laws 1909. The right of a codefendant to reply is the same that a plaintiff would have, and can be exercised subject to the same rules governing a plaintiff.

It is conceded that permission to file pleadings out of time rests within the judicial discretion of the court. Section 5646, Comp. Laws 1909, is as follows:

"The court, or any judge thereof in vacation, may, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this act, or by an order enlarge such time."

This discretion, of course, must be held to mean a sound judicial discretion, to be exercised justly and fairly in the light of the situation presented. It must not be exercised arbitrarily or in caprice.

By referring to the above statement of dates upon which the various pleas were filed, it will be seen that the new matter to which appellant sought to reply was contained in an answer and cross-petition filed by Nancy Harjo, appellant's codefendant, April 15, 1910. The verbal request to be permitted to reply thereto, was made March 15, 1911. This was nearly a year beyond the time allowed by the statute. No pleading was tendered with this request. Counsel probably stated orally the nature of the matter he intended to set up, but even this is not preserved in the record. No reason is assigned for the unusual delay. Appellant's negligence and default are in no way sought to be explained or excused. Had appellant, even at the late day upon which she appeared, brought with her and

tendered the court her plea setting up a meritorious defense, together with some reasonable excuse for her long-continued default, this court would have in the record a predicate upon which to consider and test the alleged abuse of discretion by the court. As it is, we have no such information. It ought to be remembered by counsel that this court, in determining petitions in error, exercises only appellate jurisdiction, and that statements and arguments in a brief are valuable only when they are supported by the record itself.

The cause should be affirmed.

By the Court: It is so ordered.