## CITY OF LAWTON v. KELLEY.

No. 8090—Opinion Filed Jan. 23, 1917.

(162 Pac. 1081.)

**1. Appeal and Error—Pleading—Discretion of Trial Court—Time for Filing Pleadings.**

The granting or refusing of an application to file pleadings out of time is largely in the sound, judicial discretion of the trial court, and his decision thereon will only be reversed here where such discretion is shown to have been abused.

**2. Same.**

Defendant stood upon a demurrer to plaintiff's petition, which was overruled in January, 1913, and appealed to the Supreme Court. The appeal was dismissed for lack of prosecution. On August 30, 1915, defendant asked leave to file an answer which leave was denied, the trial court finding that the proceedings upon the part of the defendant were not taken in good faith, but for delay. Held, that no such abuse of discretion is shown as to justify a reversal.

(Syllabus by Burford, C.)

Error from District Court, Comanche County; Cham Jones, Judge.

Action by T. D. Kelley against City of Lawton. Judgment for plaintiff, and defendant appeals. Affirmed.

Whalin & Burton, for plaintiff in error.

Fred Ellis and Womack & Brown, for defendant in error.

Opinion by BURFORD, C. The facts pertinent to a decision of this cause are as follows: On January 17, 1913, the trial court overruled defendant's motion to strike and demurrer to plaintiff's petition. Defendant stood upon the demurrer and appealed. Plaintiff at that time sought to introduce his proof of damage, and was refused by the trial court, evidently upon the theory that the appeal divested the trial court of all jurisdiction. July 5, 1915, the cause was reached by this court and dismissed for lack of prosecution on the part of the plaintiff in error. The mandate was issued July 26, 1915. Meanwhile, on February 13, 1915, Kelley filed a motion for judgment on the pleadings. This motion had not yet been passed upon, when the mandate of this court went down. On August 30, 1915, plaintiff's motion being pending for consideration, defendant, in open court, prior to ruling on said motion, asked leave to file an answer; the trial court heard the matter and denied the request, proceeded to trial as on default, and after the evidence on behalf of plaintiff was in, entered judgment for a portion of plaintiff's demand. From this judgment defendant appeals.

The sole question meriting consideration is the action of the trial court in refusing plaintiff leave to file his answer. It is settled in this jurisdiction, by both statute and decision, that the granting or refusing of permission to file pleadings out of time rests largely in the sound judicial discretion of the trial court. Rev. Laws 1910, sec. 4757; Long v. Harris, 37 Okla. 472, 132 Pac. 473; Checotah Hardware Co. v. Hensley, 42 Okla. 260, 141 Pac. 422; Nolen v. State, 48 Okla. 594, 150 Pac. 149. Such discretion is to be exercised justly and fairly in the light of the circumstances, and generally the milder remedies of ruling to answer and go to trial instanter are preferred to an absolute denial of the right to file a pleading. Yet there are circumstances under which the trial court is justified in refusing a pleading offered out of

time, and clearly he is in a better position to judge of the good faith of the parties than is this court. It follows that an exercise of his discretionary powers ought not to be reversed here unless we can fairly say that the discretion was abused.

In the instant case plaintiff had a right to, and insisted upon, a trial at the time the demurrer was overruled. The trial court wrongly denied this. It is urged that the court and counsel were under the impression that the appeal divested the trial court of all jurisdiction. This court, however, in Adkins v. Arnold, 32 Okla. 167, 121 Pac. 186, held to the contrary. This decision was in November, 1911, and petition for rehearing was denied and the opinion released for publication, February 6, 1912. The decision was reiterated in Checotah Hardware Co. v. Hensley, supra, June 9, 1914. Counsel, therefore, ought to have been advised that they were in default of a pleading, and that the trial court was at liberty to proceed against them. Instead of seeking permission to file any pleading, they allowed the appeal to go by default, and took no steps whatever to plead until defendant's motion for judgment was up for determination. The trial court found that their appeal was taken only for delay. Under such circumstances we are not prepared to hold that it was an abuse of discretion to refuse the proffered answer.

The instant case is clearly distinguishable from Checotah Hardware Co. v. Hensley, supra, upon the facts. There counsel, likewise under the impression that their appeal from an order overruling their demurrer stayed proceedings in the trial court, neglected to answer within the time given. However, shortly after the original decision of this court in Adkins v. Arnold, supra, and even before the petition for rehearing in that case had been denied, they offered their pleading and asked leave to file it. A refusal of this request was held to be error. Obviously the action of counsel in that case, who were prompt in following the decision of this court, is not comparable to that of defendant here who waited more than three years after that decision, more than six months after plaintiff's second motion for judgment, and until the very day that motion was before the court for decision, before offering their answer for filing.

For the reasons given, the judgment should be affirmed.

By the Court: It is so ordered.