## McCOY et al. v. MAYO.

No. 9270—Opinion Filed July 23, 1918.

Rehearing Denied Aug. 20, 1918.

(174 Pac. 491.)

### 1. Indians—Guardian's Joinder in Conveyance—Repeal of Statute.

The act of Congress of April 26, 1906, authorizing the guardian of a minor Indian to join in the conveyance of real estate made by an adult heir conveying the interest of a minor in such real estate, is repealed by the act of Congress approved May 27, 1908.

### 2. Guardian and Ward—Guardian's Sale—Approval of County Court—Invalidity.

A guardian's sale of the real estate of a minor made in 1912, whether or not said minor be an Indian, can only be made in conformity with the probate laws of this state, and the sale of a minor's real estate made by his guardian, in 1912, without complying with any of such probate laws, though such sale be approved by the county court having jurisdiction of such minor's estate, is absolutely void.

### 3. Same.

A sale of a minor's interest in real estate made in 1912, by the guardian of such minor, joining in a conveyance with an adult heir of said real estate as provided by the act of Congress approved April 26, 1906, is a nullity.

### 4. Same.

The sale of a minor's real estate, under an order of the county court having jurisdiction of such estate, in consideration of part cash and part by the conveyance of property, is absolutely without the jurisdiction of the county court, and such sale is void, notwithstanding the procedure of such sale is otherwise in strict conformity with the probate laws of this state.

(Syllabus by Collier, C.)

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Action by John E. Mayo against Stand McCoy, Maud Young, nee Sutteer, and James Daugherty. Demurrer to the answer of defendant James Daugherty sustained, and answers of defendants Maud Young and Stand McCoy stricken, and a default judgment entered against them, their motions

to be permitted to file an answer out of time and for a new trial overruled, and defendants bring error. Reversed and remanded, with instructions to dismiss plaintiff's action.

J. H. Jarman and Harry Winsor, for plaintiffs in error.

Robert E. Jackson, for defendant in error.

Opinion by COLLIER, C. This is an action brought by defendant in error against the plaintiffs in error to reform certain deeds held by plaintiff to certain lands, so as to include for record his right and title, possession already had, to a certain 40 acres inadvertently and by mutual mistake of all concerned, left out of these deeds. Hereafter the parties will be designated as they appeared in the trial court.

It is averred in the petition that the land in controversy was the allotment of a full-blood deceased Cherokee Indian, and that the defendants were heirs of said land. The plaintiff avers in his petition that he derived his right and title to said land and premises, so far as said appealing defendants are concerned, in the following manner, to wit:

"That on the 18th day of July, A. D. 1912, defendant Stand McCoy, being a minor and owner of said one-fourth interest in said lands, in common with said other heirs, did by guardian and court approval duly agree to sell and sell plaintiff, for a valuable consideration, duly received, all his rights, title, interest, and estate, both legal and equitable, in and to said lands, and did then and there, by such guardian and court approval, duly agree to make, execute, and deliver to plaintiff his quitclaim deed, in writing, to same, and did then and there, by said duly authorized guardian, and with proper court approval, make, execute, and deliver to plaintiff his quitclaim deed in writing, which was intended by all said parties thereto to be a quitclaim deed to above described lands, from said minor to plaintiff. A copy of said quitclaim deed is hereto attached and filed with this petition, as a part hereof, marked 'Exhibit C.'

"Plaintiff says: That by inadvertence and mutual mistake of all said parties to said deed, said lands intended by them to be conveyed by said deed, were mistakenly described as shown in said deed; whereas, it was the true intent of said parties that said description should read as first set out in this petition. That on the 18th day of July, A. D. 1912, defendant James Daugherty, being a minor and owner of said one-eighth interest in said lands, in common with said other heirs, did by guardian and court approval duly agree to sell and sell plaintiff, for a valuable consideration, duly received, all his rights, title, interest, and

estate, both legal and equitable, in and to said lands, and did then and there, by such guardian and court approval, duly agree to make, execute, and deliver to plaintiff his quitclaim deed, in writing, to same, and did then and there, by said duly authorized guardian and with proper court approval make, execute, and deliver to plaintiff his quitclaim deed, in writing which was intended by all said parties thereto to be a quitclaim deed to above-described lands, from said minor to plaintiff. A copy of said quitclaim deed is hereto attached and filed, with this petition, as a part hereof, marked 'Exhibit D.'

"Plaintiff says: That, by inadvertence and mutual mistake of all said parties to said deed, said lands, intended by them to be conveyed by said deed, were mistakenly described as shown in said deed; whereas, it was the true intent of said parties that said description should read as first set out in this petition. That on the 20th day of July, A. D. 1912, defendant Maud Sutteer, being a minor and owner of said one-eighth interest in said lands, in common with said other heirs, did by guardian and court approval duly agree to sell, and sell plaintiff, for a valuable consideration, duly received, all her rights, title, interest and estate, both legal and equitable in and to said lands, and did then and there, by such guardian and court approval, duly agree to make, execute, and deliver to plaintiff, her quitclaim deed, in writing, to same, and did then and there by said duly authorized guardian and with proper court approval make, execute, and deliver to plaintiff her quitclaim deed, in writing, which was intended by all said parties thereto to be a quitclaim deed to above-described lands, from said minor to plaintiff. A copy of said quitclaim deed is hereto attached and filed, with this petition, as a part hereof, marked 'Exhibit E.'

"Plaintiff says that by inadvertence and mutual mistake of all said parties to said deed that land intended by them to be conveyed by said deed was mistakenly described as shown in said deed; whereas, it was the true intent of said parties that said description should read as first set out in this petition."

Plaintiff attaches as an exhibit a copy of each of said deeds, executed by the guardian of said appealing defendants; said deeds being identical, except as to consideration. Said deeds, omitting acknowledgments and signatures, are as follows:

"This indenture, made this 18th day of July, A. D. 1912, between Norman S. Drake, guardian of James Daugherty, a minor, of the first part and, J. E. Mayo, of the second part, witnesseth: That the said party of the first part, in consideration of the sum of four hundred fifty and no-100 dollars and other good and valuable consideration to said guardian duly paid, the receipt where-

of is hereby acknowledged, has remised, released, conveyed, and quitclaimed, and by these presents does quitclaim into the said party of the second part and to his heirs and assigns, forever, all said minor's right, title, interest, estate, claim, and demand, both at law and equity, or in and to all the following real property, situate in county of Sequoyah, state of Oklahoma, to wit: W½ of NW¼ of NE¼, less .26 acres of K. C. S. R. R. right of way and less 9.35 acres, occupied by townsite of Sallisaw, and 2.52 acres occupied by K. C. S. R. R. right of way, in section (5) five of township (11) eleven north and range twenty-four (24) east, according to the U. S. Gov. survey thereof, together with all the singular hereditaments and appurtenances hereunto belonging. To have and to hold the above-described premises unto the said J. E. Mayo, and his heirs and assigns, so that neither the said minor nor any person in his name and behalf shall or will hereafter claim or demand any right or title to the said premises, or any part thereof, but they and every one of them shall by these presents be excluded and forever barred.

"In witness whereof, the said party of the first part has hereunto set my hand and seal the day and year first above written."

On May 12, 1916, James Daugherty filed answer, denying title of plaintiff in said lands, and alleging title to a part of said land in himself, and averred the illegality of the action of the guardian in selling said land and that the approval of such sale by the county court was illegal and void. Stand W. McCoy filed answer out of time, denying title of plaintiff to part of said land, aleged by the plaintiff to have been acquired through deed executed by his guardian and approved by the county court, and attached as exhibit to said answer copy of petition for order of approval of said guardian's deed, which said petition is as follows:

"Number 1025 Probate. In the County Court of Adair County, State of Oklahoma. In the matter of the Guardianship of Stand McCoy, a Minor; N. S. Drake, Guardian. Petition for Order of Approval of Said Guardian's Deed to Inherited Lands. Comes now said guardian and states: That Susan Scott, deceased, was a regular Cherokee Indian allottee, duly enrolled as such, roll number 25772, and died intestate, on or about the 11th day of April, A. D. 1905, in what was then the Cherokee Nation and is now Sequoyah county, state of Oklahoma, and that at the time of said death she was seised of her Cherokee allotment of real estate, and left her surviving, issue of her body as follows, to wit: Her daughter Nancy Sixkiller, roll number 2317, age 64 years, a three-quarter Cherokee, and her grandson, John Smith, roll number 19326, age 49 years,

a full-blood, who was the son of her daughter Polly Lasley, deceased, and her grandson Stand McCoy, roll number 19328, age 17 years, a three-quarter Cherokee, who was the son of her daughter Susie Simmons, deceased, and her grandson James Daugherty, roll number 30348, age 18 years, a full-blood, who was the son of her son Jack Daugherty, and also her great-granddaughter, Maud Sutteer, roll number 25769, age 17 years, a full-blood, who was the granddaughter of her son Jack Daugherty. That said heirs at law have bargained and sold to J. E. Mayo, of Sallisaw, Oklahoma, all their right, title, and interest in and to a certain portion of said allotment of said Susan Scott, deceased, described as follows, to wit: W½ of NW¼ of NE¼, less .26 acres of K. C. S. R. R. right of way, SE¼ of NW¼, in section 8, and N½ of SE¼ of SW¼, less 9.35 acres, occupied by townsite of Sallisaw, and 2.52 acres occupied by K. C. S. R. R. right of way, in section 5, township eleven N. and range 24 east, according to U. S. survey thereof. That the consideration therefor is $3,900 in value, part of which to be cash in hand and part in real estate apportioned to said heirs according to the value of the share of each. That the portion due said Stand McCoy, being one-fourth of the total consideration, amounts to the value of $900. $300 of this is to be paid him cash down, and $600 by conveying to him through a warranty deed a one-half interest in lot ——, block ——, in the town of Sallisaw, Oklahoma, which property is of the value of $1,200. That said Nancy Sixkiller, as such adult heir of said Indian allottee, has duly conveyed all her right, title, and interest in and to said portion of said allotment to said J. E. Mayo for value received. That said John Smith, as such adult heir, has also duly conveyed all his right, title, and interest in and to said portion of said allotment to said J. E. Mayo, for value received, and, he being a full-blood, his said conveyances have been duly approved by the county court of Sequoyah county, Oklahoma, which court has jurisdiction of said estate. That said minors, James Daugherty and Maud Sutteer, are also joining in the conveyance of all their right, title, and interest in and to said property to said J. E. Mayo for value received. That the county court of Sequoyah county, state of Oklahoma, has granted letters of administration of said Norman S. Drake of the estate of said Susan Scott, deceased, and duly authorized a suit to clear the title to this property against adverse claimants, which was concluded in favor of said heirs in the district court of said county, and that said administrator having duly reported his proceeding thereunder and rendered an accounting to said county court and asked to be allowed all his expenses, fees, and commissions incurred by virtue of said administration and litigation, which report is to be heard at the next regular term of said court. That

proceedings to declare heirship to said estate are also pending before said county court. That all costs and expenses of this proceeding, and those of the guardianship of the other minors, James Daugherty and Maud Sutteer, as well as the costs and expenditures of said administration and litigation, are expected to be deducted from the said $3,900, the purchase price of this property according to the pro rata share of each heir, subject to the report of said administrator and guardian in each case to each court and the court approval thereof.

"Therefore, premises considered, said guardian prays this court for an order of approval of his conveyance to said J. E. Mayo of all the rights, title, and interest of said minor, Stand McCoy, to said property for the consideration aforesaid, and that he be directed as guardian of said minor, to make a guardian's deed for said purposes,; a copy of said guardian's deed being herewith filed and attached, marked 'Exhibit A,' and made a part hereof.

"Norman S. Drake, Guardian Aforesaid.
"State of Oklahoma, County of Adair—ss.:

"I, Norman S. Drake, being first duly sworn on my oath say that I have read the foregoing petition, and find the matters and things therein mentioned and set forth to be correct and true as I verily believe.

"Norman S. Drake, Guardian Aforesaid."

And there was also attached as exhibit to said answer a copy of the order of the county court of Sequoyah county approving said deed, which said order is as follows:

"Number 1026 Probate. In the County Court of Adair County, State of Oklahoma. In the Matter of the Guardianship of Stand McCoy, a Minor; N. S. Drake, Guardian. Order Approving Conveyance. Now, on this the 18th day of July, A. D. 1912, comes on to be heard before said county court the petition of said guardian, N. S. Drake, praying for an order of court approving the conveyance of said guardian's deed to J. E. Mayo, of Sallisaw, Oklahoma, of all the rights, title, and interest of said minor in and to a certain portion of the allotment of Susan Scott deceased, a Cherokee Indian, enrolled as a full-blood No. 25772, described as follows to wit: The W½ of NW¼, less .26 acres of K. C. S. R. R. right of way, and SE¼ of NW¼ of NE¼ in section 8, and N½ of SE¼ of SW¼, less 9.35 acres, occupied by townsite of Sallisaw, and 2.52 acres occupied by K. C. S. R. R. right of way, in section 5, township eleven, N., and range 24 east, according to U. S. survey thereof—for and in consideration of the sum of $300 cash in hand and the one-half undivided interest in and to lot —— block ——, of the incorporated town of Sallisaw, Okla., valued at $600. And the court, being fully advised in the premises, doth consider, adjudge, and order the approval of said conveyance and direct the due execution of said

guardian's deed for the consideration mentioned in said petition."

Maud Young, nee Sutteer, and Stand McCoy each filed a separate answer, in which they denied title of plaintiff to a part of the land in question and attached to their answers, as exhibits, copy of a similar petition and order as attached to the answer of Stand McCoy as exhibits.

The plaintiff filed demurrer to the answer of James Daugherty, "for the reason that said answer does not contain and aver facts to constitute a defense to plaintiff's petition," which demurrer was sustained by the court and duly excepted to.

On motion of plaintiff the answers of Maud Young and Stand McCoy were each stricken from the file, upon the ground that the said answers were filed out of time, and a default judgment was entered against them, to which defendants excepted, and on the same day that said answers were stricken Stand McCoy and Maud Young, nee Sutteer, each filed a petition to vacate the order of the court adjudging each in default, and that each be permitted to file an answer out of time, which motion was overruled and excepted to. Timely motion was made by the defendants Stand McCoy and Maud Young for a new trial, which was overruled, and excepted to, and error brought to this court.

The record in this cause shows conclusively that the procedure followed by the plaintiff to obtain title to the land in question was as provided by the act of Congress of April 26, 1906, section 22 of which said act provided:

"If there be both adult and minor heirs of such decedent [Indian allottee], then such minors may join in a sale of such lands by a guardian, duly appointed by the proper * * * court of the county in which said minor or minors may reside, or in which said real estate is situated, upon an order of such court made upon petition filed by guardian." 34 Stat. 145.

The said act of April 26, 1906, was repealed by the act of Congress of May 27, 1908.

In King v. Mitchell, 69 Okla. 207, 171 Pac. 725, it is held:

"The act of Congress approved May 27, 1908 (35 Stat. 312, c. 199), entitled 'An act for the removal of restrictions from part of the lands of allottees of the Five Civilized Tribes, and for other purposes,' is a revising act, and was intended as a substitute for all former acts relating to the subject of such restrictions, and operated to repeal the provisions of an act of Congress

approved April 26, 1906 (34 Stat. 137, c. 1876), and previous congressional enactments in conflict therewith on the same subject."

Under the law existing at the time that the guardian of the respective defendants executed the deeds, which were approved by the county court, and upon which plaintiff relies for title to the interest of the defendants involved in this appeal, all of the said defendants were minors, and the act of the guardian in executing said conveyances and the approval of the court of said deeds was absolutely a void act on the part of the guardian and upon the part of the court, and therefore the plaintiff did not acquire by said deeds any interest whatever in the interest of the appealing defendants in the land in question. The act of Congress of May 27, 1908, provides that the person and property of minor allottees of said Five Civilized Tribes shall, except as otherwise specifically provided by law, be subject to the control and jurisdiction of the probate court of the state of Oklahoma. It is provided by section 6567, Revised Laws 1910:

"All sales of real estate of wards must be for cash, or for part cash and part deferred payments."

In Perkins v. Middleton, 66 Okla. 1, 166 Pac. 1104, it is held:

"The authority of a guardian to sell and convey the real estate of his ward rests entirely upon the statutes. Such real estate cannot be sold or conveyed by the guardian except for the purposes, and upon the terms and conditions prescribed by the statutes. A sale of the ward's real estate can only be made for money, and a conveyance thereof in exchange for other lands is unauthorized."

It follows that, even if the procedure required by law had been followed for the sale of the minors' interest in the land in question, it appearing upon the face of the deeds, which are the basis of plaintiff's recovery, that the consideration of the sale was for part cash and part property, such deeds were absolutely void. The deeds set up by the plaintiff being absolutely void upon their face, the answer of James Daugherty stated a defense to the action, and the court committed reversible error in sustaining plaintiff's demurrer to the answer of James Daugherty.

We are of the opinion that the overruling of the motion of Stand McCoy and Maud Young to set aside the default judgment entered against them, and to permit them to answer, was a gross abuse of the discretion of the court, and the court committed reversible error in refusing to set aside said default, and in not permitting the said defendants to answer. It has been the policy of the court to discourage the practice of refusing to permit defendants to file an answer out of time, and to give litigants their day in court, and to protect parties who have a valid defense, especially where such defendants are ignorant Indians. In Long v. Harris et al., 37 Okla. 472, 132 Pac. 473, it is held:

"Permission to file pleadings out of time rests, by statute, * * * within the discretion of the court or judge of whom the request is made. This discretion means, however, a sound judicial discretion, to be exercised fairly and justly in the light of the situation presented. It must never be exercised arbitrarily or in caprice."

In Checotah Hardware Co. et al. v. Hensley, 42 Okla. 260, 141 Pac. 422, it is held:

"The question of filing pleadings out of time rests largely within the discretion of the trial court; but this discretion is a sound judicial one, dependent upon all the circumstances, and must never be used arbitrarily or capriciously."

In Nolen et al. v. State, 48 Okla. 594, 150 Pac. 149, it is held:

"We suggest that the milder remedy of ruling them to answer, or to trial instanter, or to the payment of accrued costs, might be efficacious in most cases; and in but few instances should the harsher rule of declaring default be resorted to."

In the City of Lawton v. Kelley, 62 Okla. 291, 162 Pac. 1081, it is held:

"Such discretion is to be exercised justly and fairly in the light of the circumstances, and generally the milder remedies of ruling to answer and go to trial instanter are preferred to an absolute denial of the right to file a pleading."

It unquestionably appearing that the plaintiff's action against the defendants is without merit, and that he is not entitled to have the deeds reformed, so far as the defendants involved in this appeal are concerned, therefore this case is reversed and remanded, with instructions to the trial court to dismiss plaintiff's action so far as the defendants James Daugherty, Maud Young, nee Sutteer, and Stand W. McCoy, are concerned.

By the Court: It is so ordered.