WARR et al. v. NORTON et al.

No. 29819.   Jan. 27, 1942.

*121 P. 2d 583.*

Yancey & Douglass, Wm. Roy Kirby, and Harold Sullivan, all of Oklahoma City, for plaintiffs in error.

Bailey E. Bell, of Tulsa, and Leon J. York, of Stillwater (James A. Rowles, of Tulsa, on the brief), for defendants in error.

PER CURIAM. This is an appeal by C. B. Warr and Kenneth Ellison from a judgment against them by default after their request to file answers to cross-petitions of their codefendants out of time had been denied. The sole issue here involved is whether the refusal of the trial court to permit said parties to file answers out of time constituted an abuse of discretion. In order that the matter in controversy may be better understood, the events as reflected by the record will be briefly stated in their chronological order. On June 5, 1939, Dow Ewing instituted this action against Frank Clark and a number of other persons not here involved. Included in the defendants named in said action were C. B. Warr and Kenneth Ellison. The liability of the above-named parties was alleged to have arisen out of the relation of principal and agent between said parties and one Sam Fullerton, also known as Sance Fullerton, and with whom the plaintiff and a number of the defendants had contracted. The defendants, made parties to the action by reason of having liens similar to those of the plaintiff, filed on June 27, 1939, cross-petitions wherein they sought money judgments against the same defendants as the plaintiff in said action. C. B. Warr, on June 17, 1939, filed an answer and cross-petition wherein he denied the allegations of the petition of Dow Ewing and set up a claim in himself to certain personal property upon which said plaintiff was seeking to foreclose his lien. Kenneth Ellison failed to file any pleading whatsoever to the petition of the plaintiff or the cross-petitions of his codefendants. The said C. B. Warr omitted to file any answer or other pleading to the cross-petitions of his codefendants. The case was called for trial on October 10, 1939, at which time Kenneth Ellison asked permission to file a verified answer out of time and C. B. Warr requested permission to file verified answers to the cross-petitions of his codefendants, and also to verify the answer which he had theretofore filed in said cause. The request of both of said parties was denied, to which action of the court the said defendants saved proper exceptions. The court thereupon sustained a so-called motion for judgment on the pleadings, but thereafter the record was amended so as to show that judgment against C. B. Warr and Kenneth Ellison had been entered by default after their request to file answers out of time had been denied. Motion for new trial was heard and overruled, as was a motion to vacate the default judgment, and thereupon said parties perfected this appeal. As pointed out hereinabove, the sole issue presented for our determination is whether under the circumstances narrated the action of the trial court in refusing to permit the defendants here involved to file answers out of time constituted an abuse of discretion.

It is well-settled doctrine that whether a defendant should be permitted to file an answer out of time rests ordinarily in the sound judicial discretion of the trial court, and that its action thereon will not be disturbed except where such discretion has been abused to the manifest injury of the complaining party (Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 P. 194, 57 A.L.R. 17);

but it is also as well established that such discretion is to be exercised judicially and not arbitrarily or capriciously. Checotah Hardware Co. v. Hensley, 42 Okla. 260, 141 P. 422; Long v. Harris, 37 Okla. 472, 132 P. 473. It is also well-established doctrine that it is the policy of the courts to give litigants their day in court and to discourage judgment upon technical defaults, and particularly is this true where the defendant presents a valid defense. See McCoy v. Mayo, 73 Okla. 17, 174 P. 491. In the case at bar it does not appear why the permission sought was denied. The answers tendered were proper, and if true, constituted a complete defense to the claims of the plaintiff and the cross-petitioners as against the defendants here involved and should have been allowed. See Boling v. Asbridge, 84 Okla. 280, 203 P. 894. This is made to appear more clearly by reason of the fact that similar allegations as against other defendants, resting upon agency, were abandoned by the cross-petitioners in the trial of the cause. It is not asking too much of a person seeking to hold another answerable in judgment to prove the essentials alleged by him as grounds for the relief sought. In the case at bar it appears that the cross-petitioners were successful in obtaining a judgment against the defendants here involved solely by reason of the fact that their cross-petitions were verified and the accounts attached thereto were duly verified and the defendants were not permitted to deny such allegations under oath. We are of the opinion that under the circumstances here shown, the action of the trial court in denying the defendants C. B. Warr and Kenneth Ellison permission to file verified answers out of time constituted an abuse of discretion which resulted in manifest injury to said parties. In view of the conclusion thus reached, it is unnecessary to discuss the matter at further length. The judgment is reversed, with directions to grant the defendants C. B. Warr and Kenneth Ellison a new trial and to proceed not inconsistent with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. RILEY and DAVISON, JJ., absent.