2008 OK CIV APP 54

**DURANT CIVIC FOUNDATION, INC., Plaintiff/Appellee,**

v.

**The GRAND LODGE OF OKLAHOMA OF the INDEPENDENT ORDER OF ODD FELLOWS, and Durant Lodge No. 57, IOOF, Defendants/Appellants.**

No. 103,569.

Court of Civil Appeals of Oklahoma, Division No. 2.

March 18, 2008.

Certiorari Denied May 27, 2008.

David W. Kelly, Durant, OK, for Plaintiff/Appellee.

Raymond D. North, Enid, OK, for Defendants/Appellants.

JOHN F. FISCHER, Presiding Judge.

¶1 The Grand Lodge of Oklahoma of the Independent Order of Odd Fellows (The Grand Lodge), and Durant Lodge No. 57, IOOF (Lodge No. 57)(collectively the Lodges [1]), appeal from an order granting default judgment in favor of the Durant Civic Foundation, Inc. (Durant). Based on our review of this case, we find two issues that have not been previously resolved by precedential authority: the applicable standard of review applied to a trial court's disposition of a motion for leave to file answer out of time and the procedural effect of an instrument filed without leave of court after the time permitted to answer has expired. Based on our resolution of these issues, we reverse and remand for further proceedings.

### BACKGROUND FACTS

¶2 Durant filed this case on March 1, 2006, seeking to quiet title to certain property located in Bryan County, Oklahoma. The Lodges were named as defendants. The record on appeal is sparse but shows that an entry of appearance, which was not included in the record on appeal, was filed on March 17, 2006, reserving until April 17, 2006, to answer or otherwise plead. This appears to have been the forty days permitted by statute for the Lodges to have filed their answer. *See* 12 O.S. Supp.2004 § 2012(A)(1)(b).

¶3 When no answer was filed by April 17, Durant filed a motion for default judgment on May 10, 2006, which was set for hearing on June 6, 2006. On May 30, 2006, an instrument denominated as an "answer" was filed by Mr. North as "Attorney for the Defendants." On June 6, 2006, Mr. North also filed a motion for leave to file answer out of time as "Attorney for the Defendants." [2]

1. Our collective reference to the Lodges in this Opinion is a matter of convenience and clarity and not intended to indicate a resolution of any factual issue the Trial Court may be required to resolve on remand.

2. In response to this Court's January 25, 2008, Order, Mr. North has contended that he did not represent Lodge No. 57 in the Trial Court. This

is obviously inconsistent with the pleadings filed in the Trial Court and his Statement of the Case in the Lodges' Petition in Error, in which it is reported that counsel appeared in the Trial Court on behalf of both defendants. Whether Lodge No. 57 was or was not represented in the Trial Court, it is clear that Mr. North does represent both defendants in this appeal. Nonetheless, on remand, it will be for the Trial Court to deter-

¶4 Counsel for both parties appeared at the June 6 hearing on Durant's motion, at which time the Trial Court announced its ruling, apparently without argument in reliance on Rule 4(h) of the Rules for District Courts of Oklahoma. 12 O.S. Supp.2002, ch. 2, app. The docket sheet reflects that the Trial Court denied the motion for leave to file answer out of time and sustained the motion for default judgment. The Trial Court's June 6 ruling was memorialized in a Journal Entry of Default Judgment prepared by counsel for Durant and filed on June 28, 2006.[3] It is this judgment that is the subject of the Lodges' timely appeal.

### STANDARD OF REVIEW

■ ¶5 We review the Trial Court's decision to grant or deny a motion for default judgment for abuse of discretion. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir.1991).[4] In determining whether the Trial Court abused its discretion in entering judgment by default, we are guided by the discussion in *Ferguson Enters., Inc. v. H. Webb Enters., Inc.*, 2000 OK 78, ¶¶5, 14, 13 P.3d 480, 482, 483–84, which set forth the standard of review applied to a trial court's decision to vacate or refuse to vacate a default judgment.

### DISCUSSION

■ ¶6 Because litigants are entitled to a fair day in court, the policy in this State favors resolution of actions on their merits.

*Nelson v. Nelson*, 1998 OK 10, ¶23, 954 P.2d 1219, 1228. Default judgments are not favored. *Singleton v. LePak*, 1967 OK 37, ¶10, 425 P.2d 974, 977.

¶7 This case was pending for approximately three months when the Trial Court granted judgment to Durant. That judgment appears to have been granted, at least in part, because of the Lodges' default.[5] The Lodges argue that, prior to entry of this judgment, an answer had been filed. There is no dispute that the May 30 "Answer" was filed after April 17, the time permitted by 12 O.S.2001 § 2012(A) for filing an answer. The question is what was the effect of the Lodges' May 30 filing.

■ ¶8 The Lodges consistently argue that the May 30 filing cured the default. The fact that the instrument was accepted by the court clerk, however, is without procedural significance. The court clerk is required to accept for filing any paper presented. 12 O.S.2001 § 2005(E)(4). We find that to cure the default the Lodges were required to do more than merely obtain the court clerk's file stamp on a piece of paper. In *Hunter v. Echols*, 1991 OK 114, 820 P.2d 450, the Supreme Court held that after the filing of a responsive pleading and except in the circumstances described in 12 O.S.2001 § 2015(A), the filing of an amended petition without leave of court "is without effect." There is no reason a different principle should apply to the interpretation of 12 O.S. Supp.2004 § 2012(A).[6] The filing of an an-

---

mine whether a motion for leave to file answer out of time was filed on behalf of Lodge No. 57, the sufficiency of the June 28, 2006, Entry of Appearance and Waiver and any issue related to the default of Lodge No. 57.

3. Also on June 28, 2006, the Entry of Appearance and Waiver was filed on behalf of Lodge No. 57, in which it waived service of summons, the right to answer or appear in the action and notice of any hearing.

4. The Oklahoma Pleading Code is based on the Federal Rules of Civil Procedure, and, therefore, courts may rely on appropriate federal authority for guidance. *Visteon Corp. v. Yazel*, 2004 OK CIV APP 52, ¶14, 91 P.3d 690, 693.

5. Durant's motion for default judgment is not included in the record and, therefore, it is not apparent whether any grounds other than

Lodges' failure to timely file an answer were included in the motion. The docket sheet notes only that the motion for default judgment was sustained. However, Durant states in its answer brief that the Trial Court also considered and granted its motion for summary judgment at the June 6 hearing. The Journal Entry of Judgment recites that Durant's motion for default judgment was granted but then appears to also resolve the competing claims of these parties on the merits after "Plaintiff's evidence is introduced and Plaintiff rest[s]."

6. *See e.g. Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185 (3rd Cir.1942) (discussing the federal rule from which section 2006 was derived and holding that absent court approval, even a stipulation by all counsel was ineffective to extend the defendants' answer date).

swer after the time permitted by the Oklahoma Pleading Code and without leave of court is a nullity, having no procedural effect. To cure the default, the Lodges were required to obtain leave of court to file their answer.

■ ¶ 9 On the day of the hearing on Durant's motion, the Lodges did file a motion for leave to file answer out of time. Such a motion was authorized by 12 O.S.2001 § 2006(B)(2), and it was within the Trial Court's discretion to grant the motion if "excusable neglect" was shown. The Journal Entry recites that the Trial Court denied the Lodges' motion but contains no finding regarding the grounds asserted in the motion, any justification offered for the failure to timely file an answer or the basis for the Trial Court's ruling. In this appeal, the Lodges assert that they filed interrogatories and requests for production of documents at the same time they filed their entry of appearance. They contend that discovery responses were untimely made on May 10, 2006, the same day Durant moved for default judgment. They also assert that there was a delay in obtaining necessary documents from the Oklahoma Secretary of State and Department of Securities, all of which delayed the preparation of their answer.

¶ 10 Durant, in its brief in this appeal, speculates that the Lodges may have been waiting on some of this information before preparing and filing their answer. The Lodges specifically assert in their motion that they were waiting on answers to the interrogatories. If so, that may have provided sufficient cause for the delay in the filing of the Lodges' answer. *See e.g., Fischer v. Baptist Health Care of Oklahoma,* 2000 OK 91, 14 P.3d 1292 (finding counsel's concern with possible sanctions sufficient cause to excuse the service of summons until counsel received the report of an expert witness used to prepare the petition even though service occurred 43 days after the 180–day time limit provided in 12 O.S.2001 § 2004(I)). The Lodges' May 30 filing occurred 44 days after the time in which they were permitted to answer.

■ ¶ 11 The Lodges rely on Oklahoma District Court Rule 10, 12 O.S.2001, ch. 2,

app., and *Enochs v. Martin Properties,* 1997 OK 132, 954 P.2d 124, for the proposition that they are entitled to an opportunity to cure the default created by their failure to timely file an answer. Rule 10 provides:

> In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default. . . .

Where, as in this case, an entry of appearance has been filed, Rule 10 requires notice to the defaulting party in advance of any hearing on the motion for default judgment. The Lodges received the notice required by Rule 10, and counsel for the Lodges was present at the hearing on Durant's motion.

¶ 12 The *Enochs* Court construed Rule 10 in the context of a Workers' Compensation Court proceeding in which no default had been declared by the trial court. The Court of Civil Appeals later declared certain testimony to be stricken and judgment entered against a corporate defendant. Absent the stricken testimony, there was no evidence in the record defending the corporation. The Supreme Court noted that the effect of this ruling was, in essence, the entry of a default judgment against the corporation without the notice required by Rule 10.

> District court [Rule 10] procedure for advance *notice of default* ... was the respondents' due before the COCA-ordered default could be taken against them. That much is required by Rule 10, the applicable legal norm. Since the trial tribunal—at both of its levels—had *accepted* Martin as representing himself and as a representative for the corporate respondents, all these entities must be treated as having made an appearance in the case. *Parties who make an appearance cannot be adjudged in default without advance notice.* An appellate court's decision that originally declares these respondents—all of whom appeared below—to be in default *sans* opportunity to cure the deficiency offends the

procedure that obtains in the compensation court.

*Enochs,* 1997 OK 132, at ¶ 13, 954 P.2d at 128–29 (footnotes omitted).

¶ 13 We do not read Rule 10 or the *Enochs* Court's discussion of that Rule as supporting the Lodges' "opportunity to cure" argument. The default created by the failure to timely file an answer can be cured in every case. Yet, there is nothing in the language of Rule 10 that speaks to, much less guarantees, a party's ability to file an answer beyond the time permitted by 12 O.S.2001 § 2006(B)(2). The "opportunity to cure" afforded by Rule 10 is sufficient notice of the default to permit pursuit of any available procedural remedy a party may chose. Section 2006(B)(2), which governs this case, provides one such remedy. However, that statute only authorizes the Trial Court to permit a defaulting party the opportunity to cure its default "where the failure to act was the result of excusable neglect." Rule 10 has a different purpose and only requires one who files an entry of appearance to be given notice of any effort to obtain a default judgement. The Lodges were given the notice required by Rule 10 and appeared at the hearing on Durant's motion. It does not appear, however, that the Lodges were given the opportunity to show that their default resulted from excusable neglect.

¶ 14 Durant correctly points out the significant deficiencies in the appellate record and the Lodges' responsibility to provide a record on appeal from which some error on the part of the Trial Court can be discerned. *Hamid v. Sew Original* 1982 OK 46, 645 P.2d 496 (holding that error will not be presumed but must be demonstrated from the appellate record). Nonetheless, there are irregularities apparent from the minimal appellate record that justify further review of this case. For example, the Journal Entry of Default Judgment, in addition to granting Durant's motion for default judgment, also purports to consider and decide the merits of the issues raised in Durant's petition. This interpretation is consistent with Durant's contention, at one point in its appellate briefing, that the Trial Court heard its motion for summary judgment at the June 6 hearing. If Durant filed a motion for summary judgment, it is not apparent that the time period for responses required by Oklahoma District Court Rule 13, 12 O.S. Supp.2006, ch. 2, app., was extended to the Lodges prior to the June 6 hearing. Further, the record does not reveal consideration of the reason, if any, for the Lodges' default, and whether such reason constitutes excusable neglect.

¶ 15 If this were an appeal from the denial of a motion to vacate a default judgment, we would be guided by substantial authority. The Supreme Court "always has emphasized the discretion vested in the trial judge to vacate default judgments where justice would better be served by permitting a litigant to have his 'day in court.'" *Ferguson Enters., Inc. v. H. Webb Enters., Inc.,* 2000 OK 78, ¶ 14, 13 P.3d at 483–84. The fact that we deal here with the disposition of a motion filed pursuant to 12 O.S.2001 § 2006(B), before default judgment was entered, does not require that we abandon the principles on which the vacation of default judgment cases were decided.[7]

## CONCLUSION

¶ 16 While we reverse the order granting judgment to Durant in this case, we do not

7. Further, even before the adoption of section 2006 and the excusable neglect standard, it was, nonetheless, "well-settled doctrine that whether a defendant should be permitted to file an answer out of time rests ordinarily in the sound judicial discretion of the trial court, and that its action thereon will not be disturbed except where such discretion has been abused to the manifest injury of the complaining party." *Warr v. Norton* 1942 OK 43, ¶ 2, 121 P.2d 583, 584 (reversing the denial of a motion for leave to file answer out of time). "[S]uch discretion is to be exercised judicially and not arbitrarily or capriciously." *Id.* (citing *Checotah Hardware Co. v. Hensley,* 1914 OK 254, 141 P. 422; *Long v.* *Harris,* 1913 OK 335, 132 P. 473). "[I]t is also well established doctrine that it is the policy of the courts to give litigants their day in court and to discourage judgment upon technical defaults, and particularly is this true where the defendant presents a valid defense." *Id.* (citing *McCoy v. Mayo,* 1918 OK 404, 174 P. 491). Although the requirement to present a valid defense in order to cure a default was not incorporated into section 2006, *see Hinson v. Webster Indus.,* 240 F.R.D. 687 (M.D.Ala.2007), the policy favoring trial on the merits articulated in these cases remains the policy of this state. *Nelson v. Nelson, supra.*

excuse the conduct of counsel for the Lodges. That conduct is more particularly described in this Court's January 25, 2008, Order. This may well be a case where this Court is "more impressed with the need to grant relief to a defaulting litigant than the lower court believed the party deserved." *Burroughs v. Bob Martin Corp.*, 1975 OK 80, ¶ 13, 536 P.2d 339, 341. Nonetheless, we find that relief is required in this case. Litigants whose counsel may have abused the litigation process should not always be penalized by denying them an opportunity to litigate their claim on the merits.

¶ 17 The judgment of the Trial Court is reversed. This case is remanded for further proceedings consistent with this Opinion.

¶ 18 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

RAPP, C.J., and WISEMAN, J., concur.