2011 OK CIV APP 119

**KEITH & ASSOCIATES, INC.,**
Plaintiff/Appellee,

v.

**Julia Mary GLENN, Defendant/Appellant.**

**No. 108,760.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

Oct. 14, 2011.

conflicted with other statements he had made about the crime.

Andrew M. Kriegel, Tulsa, Oklahoma, for Plaintiff/Appellee,

Monte W. Strout, Tahlequah, Oklahoma, for Defendant/Appellant.

BAY MITCHELL, Presiding Judge.

¶ 1 Defendant, Julia Mary Glenn ("Glenn") seeks review of the trial court's denial of her Motion to Vacate a default judgment entered in favor of Plaintiff, Keith & Associates, Inc. ("Keith").[1,2]

¶ 2 On April 23, 2010, Keith filed a Petition against its former employee, Glenn, alleging she breached a written covenant not to compete with Keith for two years following her termination of employment as a dietary con-sultant. Keith sought an injunction against future violation of the covenant not to compete as well as compensatory and punitive damages. On May 26, 2010 the Summons and Petition were personally served on Glenn. The answer date was June 15, 2010. On June 29, fourteen days after the answer date, Glenn's attorney filed an Entry of Appearance acknowledging service upon Glenn and reserving additional time to plead or answer. Glenn's Answer was filed July 6, 2010. The Answer was not filed with leave of the Court.

¶ 3 Although no written motion for default judgment was filed, Keith apparently *orally* requested a default judgment against Glenn on the basis of her failure to timely file an Answer or other responsive pleading within twenty days after service of the summons and petition. On July 3, 2010, the trial court granted default judgment against Glenn. The Journal Entry of Judgment memorializing the trial court's order was filed July 8 and noted Glenn's failure to answer or otherwise plead before the twenty-day deadline after proper service of the Summons and Petition. In addition to issuing an injunction, the July 8 order called for the submission of briefs on the issue of damages, assessed costs against Glenn and ordered Keith's counsel to submit requested attorney fees with supporting time records. The order expressly notes Glenn "may request a hearing on damages and attorney fees" and established a schedule for the filing of briefs. Finally, the order noted that if Glenn's "reply brief is not filed within the prescribed time frame, the Court will grant complete request for damages and attorney fees."

¶ 4 Keith filed its brief in support of damages and attorney fees on July 21. Glenn did not file a reply brief as ordered, but on July 30 filed her Motion to Vacate the default judgment.[3] The trial court entered an order on July 26 awarding damages in the amount of $119,234.28. That order was filed August 30, 2010. The parties attended a hearing on August 31, 2010, which the court had initially

---

1. An order denying a motion to vacate a judgment is an appealable final order. 12 O.S. §§ 952, 953; Supreme Court Rule 1.20.

2. Glenn's attorney on appeal is not the same attorney who represented her in the trial court.

3. Glenn's Motion to Vacate states her answer date was July 5, a holiday, and her Answer was filed the next day, July 6.

scheduled to address the remaining issues of punitive damages, attorney fees and costs. However, the docket reflects that the hearing was stricken, the order awarding damages was vacated, the temporary injunction order was left in effect and a hearing was scheduled at a later date regarding the injunction.[4] Finally, the docket entry from the August 31, 2010 hearing notes "motion to vacate default held in abeyance." The trial court thereafter denied Glenn's Motion to Vacate the default judgment on September 9, 2010 (with same memorialized in final form in its October 8, 2010 Order).

¶ 5 Generally, "a decision to vacate [a default judgment] rests in the sound legal discretion of the trial court and it will not be disturbed on appeal absent an abuse of discretion." *Nelson v. Nelson,* 1998 OK 10, ¶ 23, 954 P.2d 1219, 1228. A decision to vacate and whether that constitutes an abuse of discretion depends on the facts and circumstances of each individual case. *Id.* In addition, the trial court must consider "whether substantial hardship would result from granting or refusing to grant the motion to vacate." *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc.,* 2000 OK 78, ¶ 5, 13 P.3d 480, 482.

¶ 6 Glenn's Brief–in–Chief on appeal acknowledges that with service of the summons and petition obtained on May 26, 2010, "[t]his would, under statute and rule, require some type of appearance or pleading on or before 20 days not counting the date of service; or June 15, 2010." While Glenn further acknowledges the filing of her Entry of Appearance on June 29, 2010, fourteen days after the answer date, she implies, without citation to authority, the late-filed Entry of Appearance and reservation of time should be considered to have effectively extended her already expired time to answer to July 6, the date the Answer was filed.[5] In addition to raising no objection to service or notice, neither the Motion to Vacate nor Glenn's appellate filings offer any excuse for missing the original answer date by fourteen days.[6]

¶ 7 Additionally, she suggests the late filing of her Answer on July 6, 2010 renders the July 3rd default judgment improper. However, an untimely filed Answer, which is filed without leave of court, is a nullity. *Durant Civic Foundation, Inc. v. Grand Lodge,* 2008 OK CIV APP 54, ¶ 8, 191 P.3d 612, 614–15; see *Powers v. District Court of Tulsa County,* 2009 OK 91, ¶ 5, 227 P.3d 1060, 1066 (holding a defendant's "motion to dismiss filed after his time to answer or otherwise plead without leave of court, or having been treated by the court as timely, is a nullity and of no effect."). Likewise, Glenn's untimely Answer was a nullity.

¶ 8 We note that notice is not a prerequisite to the granting of a default judgment where no appearance or pleading has been filed. *Bailey v. Campbell,* 1991 OK 67, 862 P.2d 461, 469. In this case, however, an entry of appearance *was filed* prior to the granting of default judgment. An entry of appearance and a reservation of time to answer, although often (but not always) filed together, are two different things. The reservation of time, if filed on or before the answer date, extends the answer date for up to twenty days and also waives certain defenses. 12 O.S. Supp.2004 § 2012(A). The entry of appearance, however, does not affect the answer date. It is required to be filed by "[e]very party to any civil proceeding in the district courts . . . no later than [the time of] the first filing of any pleading . . . by that counsel or party." 12 O.S. Supp.2007

---

4. Upon the trial court's denial of Glenn's Motion to Vacate, the court set the hearing on damages, attorney fees, and the injunction for October 14, 2010. Apparently, this hearing was postponed pending the outcome of this appeal.

5. Glenn reasons that the original answer date of June 15 would ordinarily have been extended twenty more days with a timely-filed Reservation of Time. That extended answer date would be July 6 as July 5 was a holiday. And, because Glenn's Answer was filed on July 6, she reasons it should be considered timely irrespective of missing the original answer date.

6. The Summons served upon Glenn provided in pertinent part as follows: "You have been sued by the above named Plaintiff and you are directed to file a written Answer to the attached Petition in the above referenced Court within twenty (20) days after service of the Summons upon you, exclusive of the day of service. . . . Unless you Answer the Petition within the time stated, judgment will be entered against you with costs of the action."

§ 2005.2. There is no deadline for the filing of an entry of appearance except that it need be filed no later than the time the first pleading is filed. An entry of appearance filed after the answer date is *not* a nullity. It serves the purpose of putting everyone on notice that the party is represented for purposes of future filings, notices and mailings. That Glenn's entry of appearance was on file before Keith orally requested the default judgment entitled Glenn to notice thereof. On this point the District Court Rules are clear.

> In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default . . .

Rule 10, Rules for District Courts of Oklahoma, 12 O.S. Ch. 2, App. The filed entry of appearance precluded Keith from taking a default judgment against Glenn without filing a motion and giving notice of the hearing to Glenn's attorney or record.[7]

¶ 9 The trial court's Order denying Glenn's Motion to Vacate Default Judgment must be reversed and the default judgment vacated for the reasons expressed herein. On remand, if it chooses, Keith shall have the right to reassert its motion for default judgment by *filing* the motion and giving proper notice to Glenn's attorney.[8]

¶ 10 REVERSED AND REMANDED.

JOPLIN, J., and BUETTNER, J., concur.

---

**7.** Glenn argues the trial court deferred to counsel for Keith in rendering its decision to enter default judgment against Glenn. Keith contends the judge simply took Keith's objection to Glenn's late request for additional time into consideration when making the decision on whether to reject Glenn's request and enter default judgment. Aside from the argument contained in Glenn's appellate brief, there is no evidence in the record supportive of Glenn's contention that the trial court deferred to and/or delegated its authority to Keith's counsel in the determination of whether to enter default judgment against Glenn. "When the record presented fails to support the error alleged in the brief of the party who lost below, the decision to be reviewed cannot be disturbed. It is presumed correct until the contrary is shown by the record." *Enochs v. Martin Properties, Inc.*, 1997 OK 132, 954 P.2d 124, 127..

**8.** We do not hold or imply that default judgment could not, or should not, again be granted to Keith should the motion for default be reasserted.